# United States Court of Appeals
## For the First Circuit

No. 17-2213

SANDRI RIJO,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

David Ramos-Pagán for appellant.
David Christian Bornstein, Assistant United States Attorney,
with whom W. Stephen Muldrow, United States Attorney, Mariana E.
Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate
Division, and Francisco A. Besosa-Martínez, Assistant United
States Attorney, were on brief, for appellee.

December 3, 2020

KAYATTA, Circuit Judge.  Sandri Rijo was found guilty after trial of conspiring to possess with intent to distribute five kilograms of cocaine and of aiding and abetting others to do so as well.  On direct appeal, we affirmed his conviction and sentence.  See United States v. Cruz-Feliciano, 786 F.3d 78, 92 (1st Cir. 2015).

Rijo thereafter timely filed a habeas petition under 28 U.S.C. § 2255.  On the papers, the district court dismissed Rijo's section 2255 petition.  We then granted a certificate of appealability under 28 U.S.C. § 2253(c)(2), allowing this appeal on a single issue:  whether defense counsel rendered ineffective assistance in deciding not to call two witnesses and introduce certain documents.  For the following reasons, we now affirm the dismissal of Rijo's petition.

**I.**

In January 2012, law enforcement apprehended a group of men, including Rijo, after observing them in the process of smuggling a substantial amount of cocaine by motorboat.  See Cruz-Feliciano, 786 F.3d at 82–83.  A later prepared DEA Report of Investigation stated that, according to cooperating witness Freddy Altagracia-Medina, Rijo was on board the motorboat that brought the drugs to shore.  See id. at 85.  This statement conflicted with Altagracia's testimony at trial that Rijo was on the shore to receive the drugs while his co-defendants Gary Brito-González and

Sandy Navarro were on the boat. See id. at 86. The rough notes of the DEA agent who prepared the report revealed that the agent had apparently confused "Sandy (Navarro)" with "Sandri (Rijo)" in reducing Altagracia's oral statement to rough notes and then to a report. See id. at 85-86.

Rijo's defense counsel at trial opted not to try to exploit this error. In a nutshell, he regarded the inconsistency as a dead end, given that it was so easily explained as the agent's mistake, and he feared that the foray would simply re-run the prosecution's narrative. Rijo now argues that the decision not to introduce the DEA report and the agent's notes and not to cross-examine Altagracia on the inconsistency between the report and his testimony violated Rijo's right to effective assistance of counsel under the Sixth Amendment. See, e.g., Strickland v. Washington, 466 U.S. 668, 686 (1984). Success in making such an argument requires a showing that counsel's performance was "outside the wide range of professionally competent assistance," id. at 690, and that there is a "reasonable probability" that the trial would have ended more favorably to the defendant but for counsel's errors, id. at 694.

For the reasons well stated by the district court, we find it unlikely that counsel's trial strategy decision was so unreasonable as to constitute deficient performance under Strickland. But even if counsel's performance was deficient,

Rijo's ineffective assistance claim still fails because there is no reasonable probability that the results of the trial would have differed had counsel done what Rijo now argues he should have done. Law enforcement surveilled the unloading as it occurred and then stopped the smuggler's vehicles as they left the scene, finding Rijo in one of them. See Cruz-Feliciano, 786 F.3d at 82–83. Moreover, government witnesses other than Altagracia also testified that Rijo was involved in the smuggling. See id. Given Rijo's immediate apprehension at the scene and the government witnesses' testimony, we find it highly unlikely that any jurors would have been persuaded by an effort to exploit the easily explained error in the DEA reports about whether Rijo was on the boat or on the shore unloading drugs from the boat.

## II.

For the foregoing reasons, we affirm.

- 4 -